Form: Dismiss TRAP 42.3
















 

 













COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL PASO, TEXAS








 
 
 TRIAD HOSPITALS,
 INC. and HCA INC., 
 
 
 Appellants,
 
 
 
 v.
 
 
 
 PINDOME CORPORATION,
 
 
 
 Appellee.
 
 
 §
 
 
 
 §
 
 
 
 §
 
 
 
 §
 
 
 
 §
 
 
 No.
 08-03-00042-CV
 
 
 
 Appeal
 from the
 
 
 
 327th Judicial District Court
 
 
 
 of El Paso County, Texas
 
 
 
 (TC#2002-5037)
 
 


M E M O R A N D U M
O P I N I O N





Pending before the Court is the Appellee's motion to dismiss the appeal pursuant to Tex. R.
App. P. 42.3, which states:

Under the following circumstances, on any
party's motion--or on its own initiative after giving ten days' notice to all
parties--the appellate court may dismiss the appeal or affirm the appealed
judgment or order. Dismissal or affirmance may occur
if the appeal is subject to dismissal:





(a) for want of
jurisdiction;





(b) for want of
prosecution; or





(c) because the
appellant has failed to comply with a requirement of these rules, a court
order, or a notice from the clerk requiring a response or other action within a
specified time.





Tex. R. App. P. 42.3. 

On March 6, 2003, this Court denied relief in a petition for mandamus
in Cause No. 08-03-00038-CV. See In Re: Pindome
Corporation, No.08-03-00038-CV (Tex. App.--El Paso March 6, 2003, n.w.h.). This restricted
appeal arises out of the same judgment. As noted in footnote 1 of the Court's
opinion, the denial of the mandamus relief effectively renders the restricted
appeal moot. Id. at fn.1. However, the Court declined to dismiss the restricted
appeal until the parties filed a motion to dismiss or until any challenges to
the denial of relief had been resolved. Id. Appellee
has now filed a motion to dismiss for lack of jurisdiction. Appellants filed a
response, in which they did not object to the dismissal of this restricted
appeal, but requested that the Court find the judgment below was not final to
avoid Appellee's filing a writ of mandamus with the
Texas Supreme Court attacking the ruling in 08-03-00038-CV. Accordingly, we
find that the judgment rendered below was not a final judgment and that this
Court lacks jurisdiction to hear the restricted appeal. Pursuant to Tex. R.
App. P. 42.3(a), we grant Appellee's motion to
dismiss and dismiss the appeal for want of jurisdiction.

June
 5, 2003





_______________________________________

RICHARD BARAJAS, Chief Justice

Before Panel No. 4

Barajas, C.J., Larsen, and McClure, JJ.